IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  09-36078 |
| | ) | |
| ROBERT ANDREW MICHAEL GREEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Humphrey |
| _____ | ) | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
CASE PURSUANT TO 11 U.S.C. § 707(b)(3)
WITH MEMORANDUM AND AFFIDAVIT IN SUPPORT THEREOF**

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and files the

herein Motion to Dismiss pursuant to § 707(b)(3) of the Bankruptcy Code.  The basis of the

motion is as follows:  Debtor has the ability to significantly repay creditors from current income.

In support of this Motion, the United States Trustee submits a Memorandum in Support and the

Affidavit of Erik Van Bramer, which are attached hereto and incorporated herein.

Pursuant to Fed. R. Bankr. P. 4004(c), discharge is stayed pending the outcome of this

Motion.

Dated:  February 24, 2010          OFFICE OF THE UNITED STATES TRUSTEE

Daniel M. McDermott
United States Trustee
Region 9

By:      /s/ Jeremy Shane Flannery
Jeremy Shane Flannery
Attorney for the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH  43215
Telephone:  (614) 469-7411 ext. 224
Facsimile:  (614) 469-7448
Email:  Jeremy.S.Flannery@usdoj.gov

1

<u>**MEMORANDUM IN SUPPORT**</u>

## I.   INTRODUCTION

1.  The court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C.

§ 157(a) and (b)(1), and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)

and (B).

## II.   FACTUAL SUMMARY

2.  Debtor, Robert Andrew Michael Green ("Debtor"), filed his voluntary Chapter 7

petition for relief on September 29, 2009.  According to the Schedule I, the Debtor's primary

employer is the United States Postal Service.  The Debtor also has secondary employment with

the United States Air Force Reserve.  Schedule I states that he earns approximately $5,222.45 in

gross income per month total.  The UST disputes the reporting of household income and

expenses, and will detail his reasoning forthwith.

3.  The Summary of Schedules filed in the case list secured debts of $204,858, and

unsecured non-priority debts of $55,434.  No priority debts are listed.  The cover sheet of

Debtor's Petition identifies the nature of his debts as primarily "Consumer/Non-Business", and

the Schedules do not specifically identify any debts relating to a business.  The UST has no

reason to dispute that conclusion.

4.  Debtor's Schedule I shows net monthly household income of $3,318.21, and Schedule

J shows monthly household expenses of $3,290, which leaves $28.21 of positive, monthly net

disposable income.  The United States Trustee disputes certain amounts claimed and suggests

the following modifications to Schedules I and J:[1]

---

[1] The UST reserves the right to amend his analysis as formal discovery progresses.

a.   Schedule I (Gross income from primary employment, etc.) should be modified from $5,222.45 to $5,409.93.  That adjustment is based on Debtor's pay as of September 18, 2009, which appears to be a median gross bi-weekly pay.

b.   Schedule I (Taxes, etc.) should be modified from $1,270.89 to $1,088.97, based on the pay advice utilized and the UST's analysis.[2]

c.   On Schedule I, the following payroll deductions were adjusted or added per the pay stub utilized:  Insurance adjusted downward from $412.28 to $225.16; Union Dues added at $45.13; voluntary TSP contributions adjusted upward from $150 to $162.50; FERS adjusted downward from $65.31 to $33.82; and "other deduction" adjusted upward from $5.76 to $6.24.

d.   Schedule I (Income from Air Force Reserves, etc.) lists an approximate net amount of $248.61 per month.  However, this amount only includes pay for the Debtor's regularly scheduled weekend duty of one weekend per month and does not account for other periods of duty (active or otherwise) that will likely occur throughout the calendar year.

e.   On Schedule J, the UST's analysis does not identify any immediate adjustments to Debtor's budget.  However, the UST will be requesting

---

[2]  The UST notes that Debtor enjoyed a Federal income tax refund of $3,963 for 2009, which denotes considerable tax over-withholding.  The UST's tax figure considers an approximation of the over-withholding broken down to a monthly amount.

3

documentation related to certain claimed expenses during discovery to

verify the validity and/or reasonableness of those amounts.

5.  If the recommended modifications to Schedules I and J were adopted, Debtor's

positive, monthly net available household income would increase from $28.21 to $807.

Attached hereto and incorporated herein as Exhibit 1 is a side-by-side comparison of the

Debtor's Schedules I and J and the UST's suggested changes as noted above.

### III.    LEGAL AUTHORITY

6.  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")

provides for the dismissal of a Chapter 7 proceeding where there is a presumption of abuse or, if

no presumption arises, the totality of the circumstances of the debtor's financial condition

demonstrates abuse.

7.  Section 707(b)(2)(A)(i) provides that the court shall presume abuse exists if the

debtor's currently monthly income reduced by allowed deductions and multiplied by 60 is equal

to or greater than, 25% of the nonpriority unsecured claims ("threshold debt payment amount")

or $6,575, whichever is greater; or $10,950.[3]

8.  When a presumption of abuse does not arise, § 707(b)(3) provides, in pertinent part,

that "in considering under paragraph (1) whether the granting of relief would be an abuse of the

provisions of this chapter in a case in which the presumption . . . does not arise or is rebutted, the

court shall consider -

---

[3]  Debtor filed his bankruptcy declaring a temporary exclusion from the Means Test for
Reservists and National Guard Members called to active duty.  *See*, virtual entry on the docket of
September 29, 2009.

4

(A)    whether the debtor filed the petition in bad faith; or

(B)    the totality of the circumstances . . . of the debtor's financial
situation demonstrates abuse."

9.   Prior to the BAPCPA, a debtor's conduct had to rise to the level of "substantial abuse"

for dismissal to be proper.  *See, e.g. In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), and *In re*

*Behlke*, 358 F.3d 429 (6th Cir. 2004).  The BAPCPA lowers the standard and permits a court to

dismiss a debtor's case when the totality of the circumstances demonstrates "abuse."  11 U.S.C.

§ 707(b)(3).  Abuse can be premised upon either a lack of honesty or want of need.  *Id*. Many

factors are relevant to ascertain a debtor's honesty.  Whether a debtor engaged in eve of

bankruptcy purchases or was forced into a Chapter 7 bankruptcy by unforeseen or catastrophic

events are among those factors.  *Id*.  *See also, In re Lamanna*, 153 F.3d 1 (1st Cir. 1998), which

case and factors were referenced by Congress when enacting BAPCPA.

### IV.    CAUSE EXISTS TO DISMISS THIS CASE UNDER 11 U.S.C. § 707(b)(3)

10.   Dismissal of Debtor's case is warranted under § 707(b)(3)(B) based on the totality of

the circumstances.  The face of Debtor's Schedules I and J, as filed, shows positive net monthly

discretionary income of $28.21.

11.   The suggested modifications to Schedules I and J increase monthly net income from

$28.21 to at least $807, which would enable the Debtor to repay $29,052 in 36 months, or fifty-

two percent (52 %) of the declared non-priority debt.  In the alternative, that same payment over

60 months would repay $48,420, or eighty-seven percent (87 %) of the declared non-priority

debt.  Therefore, discharge of the Debtor's unsecured debts under Chapter 7 would be an abuse

because Debtor has an ability to repay his creditors with current household income when looking

at the totality of the circumstances presented.

5

12.  Debtor's ability to repay his debts is paramount to determine the totality of the circumstances.  In the case before the bar, the primary *Lamanna* factor is satisfied.  Debtor can repay at least a portion of his debts without being deprived of <u>adequate</u> food, clothing, shelter, or other necessities.

13.  Under the totality of the circumstances, the Debtor's two sources of income are extremely stable, he has no dependents, and overall he possesses the ability to repay a significant portion of his unsecured debts with current income.  Therefore, a discharge of those debts would be an abuse of the bankruptcy system.


WHEREFORE, the United States Trustee respectfully requests this Court enter an order dismissing Debtor's case, and granting such further relief as may be appropriate.[4]


Dated:  February 24, 2010                OFFICE OF THE UNITED STATES TRUSTEE

                                            Daniel M. McDermott
                                            United States Trustee
                                            Region 9

                                            By:    /s/ Jeremy Shane Flannery
                                            Jeremy Shane Flannery
                                            Attorney for the U.S. Trustee
                                            170 North High Street, Suite 200
                                            Columbus, OH  43215
                                            Telephone:  (614) 469-7411 ext. 224
                                            Facsimile: (614) 469-7448
                                            Email: Jeremy.S.Flannery@usdoj.gov

---

[4]  In the alternative, the UST would entertain the Debtor's voluntary conversion to Chapter 13 as opposed to dismissal.

**COUNTY OF FRANKLIN**

                    **SS:**

**STATE OF OHIO**

<u>**AFFIDAVIT**</u>

ERIK VAN BRAMER, having been duly sworn according to law, does hereby state and depose the following under penalties of perjury:

1.      I am employed as a Paralegal Specialist by the Office of the United States Trustee ("UST") for the Southern District of Ohio.  I am the paralegal assigned to the within case known as *In re Green*, Case No. 09-36078, and have reviewed the schedules, statements, and relevant documents filed in connection with this bankruptcy case that were filed with the court via PACER.

2.      According to the Court's PACER website, which I personally reviewed, the Debtor filed a voluntary bankruptcy petition under Chapter 7 on September 29, 2009.  James Warren was appointed as the Chapter 7 Trustee.

3.      By e-mail to the Debtor's Attorney, dated October 6, 2009, I requested certain documentation from the Debtor, including (in sum) 2008 personal Federal Tax Returns and copies of pay stubs.  That information was voluntarily provided and reviewed, as was the Debtor's 2007 and 2009 Tax Returns.

4.      Based upon the information received and reviewed, I prepared a Schedule I and J Comparison Worksheet, which is attached hereto as Exhibit 1, and incorporated herein.  The resulting calculations show positive monthly disposable income.

FURTHER AFFIANT SAYETH NAUGHT.


DATED:  February 24, 2010          /s/ Erik Van Bramer_____
                                   ERIK VAN BRAMER


SUBSCRIBED AND SWORN TO before me this 24th day of February, 2010


                                   /s/ Pamela D. Rice_____
                                   PAMELA D. RICE - NOTARY PUBLIC
                                   STATE OF OHIO
                                   PERMANENT ATTORNEY COMMISSION

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2010, a copy of the foregoing MOTION OF THE
UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(3)
WITH MEMORANDUM AND AFFIDAVIT IN SUPPORT THEREOF was served on the
following registered ECF participants, electronically through the court's ECF System at the
email address registered with the court:

All creditors listed on the matrix to be served by BNC.

Asst US Trustee (Day), USTPRegion09.CB.ECF@usdoj.gov

Jeremy Shane Flannery, Jeremy.S.Flannery@usdoj.gov

David M. Hollingsworth, bankruptcy@woh.rr.com, enonlaw@gmail.com

James R. Warren, jamesrwarren@sbcglobal.net, oh42@ecfcbis.com

and on the following by ordinary U.S. Mail addressed to:

David M. Hollingsworth, Esq.
P.O. Box 52
Enon, OH  45323

Robert Andrew Michael Green
1809 Elaina Drive
Springfield, OH  45503

GMAC
PO Box 130424
Roseville, MN  55113

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL  33131

 /s/ Jeremy Shane Flannery
Jeremy Shane Flannery

9