IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  09-36078 |
| | ) | |
| ROBERT ANDREW MICHAEL GREEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Humphrey |
| | ) | |
| _____ | ) | Hearing Date:  TBD |

**BRIEF IN SUPPORT OF THE**
**U.S. TRUSTEE'S MOTION TO DISMISS**

   The Office of the United States Trustee ("UST") hereby files this Brief in Support of the UST's Motion to Dismiss (Docket No. 31), as instructed by the Court's Order Establishing Briefing Scheduled With Regard to Contested Matter (Docket Nos. 31 & 33) dated April 23, 2010 (Docket No. 36).

## I. FACTS

   The Debtor filed bankruptcy under Chapter 7 of the Code on September 29, 2009.[1] The Debtor's Means Test form stated that the Debtor was eligible for a "temporary exclusion from means testing" because the Debtor was on active duty for not less than 90 days.[2] After initiating a review of the case, the UST confirmed that the Debtor was on active duty for at least 90 days, and that he was released from said duty on or about June 5, 2009.  Therefore, the UST determined that the temporary exemption was properly exercised, and a Statement pursuant to 11 U.S.C. § 704(b)(1) regarding the presumption of abuse was never filed in the Debtor's case.

   After further review of the Debtor's case, the UST filed a Motion for an extension of time to file a motion to dismiss under § 707 (Docket No. 22) in order to determine if

---

[1] *See* Docket No. 1.

[2] *Id.*

the case was filed in bad faith and/or if the case demonstrated abuse when considering the totality of the circumstances. No Response or Objection to the UST's Motion for an extension of time was filed, timely or otherwise, and an Order granting the Motion was entered on January 27, 2010 (Docket No. 29). The UST was thereby granted an extension of time, until February 24, 2010, to file a motion to dismiss under § 707. Following a complete review of the testimony of the Debtor at the § 341(a) Meeting of Creditors, the Debtor's Schedules, income tax returns, and current pay advices, the UST filed his Motion to Dismiss solely under § 707(b)(3)(B), with an accompanying Notice, on February 24, 2010.[3]

The UST's Motion specifically stated (in the caption and in the body of the Motion itself) that the Motion was being filed "pursuant to § 707(b)(3) of the Bankruptcy Code."[4] The presumption of abuse under the Means Test was not raised as a basis for dismissal. In fact, the UST acknowledged the Debtor's declaration of the temporary exclusion under the National Guard and Reservists Debt Relief Act of 2008.[5] At the time the Motion to Dismiss was filed, the sole issue before the court was whether or not the Debtor possessed the ability to repay a significant portion of his unsecured debts with current income when considering the totality of the circumstances (such as the Debtor's two sources of extremely stable income are and the fact that he has no dependents).

The Debtor filed a Response to the UST's Motion on March 14, 2010.[6] According to the Court's docket, no other Responses or Objections have been filed. A telephonic status conference was set, and held on April 22, 2010.[7] At that time, Debtor's Counsel

---

[3] *See* Docket Nos. 31 & 32, respectively.

[4] Docket No. 31.

[5] *Id* at Page 4, Footnote 3.

[6] *See* Docket No. 33.

[7] Docket No. 34.

confirmed that their position is that the totality of the circumstances analysis provided for by § 707(b)(3), and which forms the basis for dismissal in the UST's Motion to Dismiss, is an "alternative form of means testing" and that it should not apply to the Debtor in this case since he qualified for the temporary § 707(b)(2) means testing exclusion because of his active duty military service.  Since the issue appears to be one of first impression, the Court then issued Order setting a briefing schedule in this matter (Docket No. 36).  A final hearing, on the underlying Motion to Dismiss has not been set and will be deferred until a decision is rendered on this threshold issue.

**ISSUE: DOES THE NATIONAL GUARD AND RESERVISTS DEBT RELIEF ACT OF 2008, WHICH PROVIDES A TEMPORARY EXCLUSION FROM THE MEANS TESTING REQUIREMENTS OF 11 U.S.C. § 707(b)(2) FOR MILITARY MEMBERS SERVING AT LEAST 90 DAYS ON ACTIVE DUTY AT THE TIME OF FILING OR DURING THE 540-DAY PERIOD BEGINNING IMMEDIATELY AFTER THE DEBTOR IS RELEASED FROM DUTY, ACT AS A BAR TO FILING A MOTION TO DISMISS UNDER  § 707(b)(2)(B); *OR PHRASED DIFFERENTLY*, IS THE TOTALITY OF THE CIRCUMSTANCES ANALYSIS UNDER § 707(b)(3)(B) AN "ALTERNATIVE FORM OF MEANS TESTING" AS DEFINED BY § 707(b)(2)?**

The threshold issue before the court is whether the National Guard and Reservists Debt Relief Act of 2008 acts as a bar to bringing a Motion to Dismiss pursuant to 11 U.S.C. §707(b)(3).  The Debtor is an individual debtor as defined by the Code,[8] with debts that are primarily "consumer" in nature.[9]  The Debtor's position is, as the UST interprets it, that the National Guard and Reservists Debt Relief Act of 2008 (the "Act") not only provides an exemption from the requirements of 707(b)(2), but that it also acts as a bar to the UST, the Chapter 7 Trustee, or any other creditor or party in interest from pursuing a motion to dismiss under § 707(b)(3)(B) of the Code, which allows parties to analyze whether or not the debtor's financial situation demonstrates abuse when looking

---

[8] *See* Docket No. 1, Voluntary Petition, page 1.

[9] *Id.*

at the totality of the circumstances (such as a Debtor's ability to repay from current income).  The UST disagrees and is confident the Debtor's position is not supported by the plain language of the Act, and/or the Bankruptcy Code.

There does not appear to be any reported case law exactly on point, however, the plain language of 707(b)(3) of the Code (and well-established case law) states that where the provisions of the Means Test and the presumption of abuse did not arise or were rebutted that "the court shall consider-

> . . .
>
> (B) [if] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."

Cases such as *In re Lenton*,[10] are instructive to the UST's argument.  In *Lenton*, the Court found that the presumption of abuse arose, but was rebutted; therefore, the Court analyzed the case under §707(b)(3).[11]  The Debtor asserted, like here, that the means test is conclusive and that Courts are therefore precluded from considering a Debtor's ability to pay.  The *Lenton* Court rejected that argument, as did several other Courts cited in the opinion.[12]

The language of §707(b)(3) contradicts the argument that Courts cannot consider the Debtor's ability to pay when considering dismissal pursuant to the totality of the circumstances, when the presumption of abuse does not arise or is rebutted.  Section 707(b)(3) explicitly mandates that the totality of the circumstances of the Debtor's financial situation be considered in determining whether there is an abuse when the presumption of abuse under paragraph (b)(2) does not arise or is rebutted.[13]  Had

---

[10] 358 B.R. 651 (Bankr. E.D. Pa. 2006).

[11] *Id.* at 662.

[12] *Id.*
[13] *Id.* at 663, *citing In re Paret*, 347 B.R. 12 (Bankr.N.D. Cal. 2006).

4

Congress wished to eliminate consideration of a debtor's ability to pay, it would have done so expressly or by explicit reference to §707(b)(2).[14]  The *Lenton* Court ultimately granted the Motion to Dismiss unless the Debtor converted to a Chapter 13.[15]

In a 2009 article in the American Bankruptcy Institute Journal,[16] some of the changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and the National Guard and Reservists Debt relief Act of 2008 were highlighted.  Therein, the article (in its entirety, save Conclusion) explained that:

> "On Oct. 20, 2008, the President of the United States signed into law S. 3197, the National Guard and Reservists Debt Relief Act of 2008. *See* Pub. L. No. 110-438.  This new law amends § 707(b)(2)(D) of the Bankruptcy Code and became effective on Dec. 19, 2008.  It exempts qualifying reservists of the Armed Forces and members of the National Guard who are called to active duty for at least 90 days, or who perform homeland defense activity for at least 90 days, from all forms of means testing during the time of active duty or homeland defense activity, and for a 540-day period thereafter.  The new exclusion is temporary and will apply only to cases commenced during the three-year period from the effective date. Interim Rule 1007-I and Official Form 22A implement this amendment to § 707(b).  This article discusses important changes made by the new law as well as the changes to the Bankruptcy Rules and official forms designed to implement the new law.
>
> ### *BAPCPA's Changes to 11 U.S.C. § 707(b)*
>
> In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Congress substantially rewrote § 707(b). *See 11*

---

[14] *Id.*

[15] *Id.* at 666.

[16] 28-1 ABIJ 14 (February 2009).

*U.S.C. § 707*(b)(1), (2) and (3). Congress changed the standard for dismissal under all subsections of new § 707(b) from "substantial abuse" to "abuse." *See 11 U.S.C. § 707*(b)(1) (cases are now dismissed for "abuse"); *11 U.S.C. § 707*(b)(2) (subjecting cases to dismissal for "abuse"); *11 U.S.C. § 707*(b)(3) (same). Congress also established a presumption of abuse when an income/expense calculation, commonly known as the "means test," yields monthly disposable income that exceeds a statutory threshold. *See 11 U.S.C. § 707*(b)(2). Finally, Congress enacted § 707(b)(3) to allow courts to dismiss cases based on either a debtor's bad faith or the totality of a debtor's financial circumstances. *See 11 U.S.C. § 707*(b)(3)(A) and (B).

Section 707(b)(2), as originally enacted, requires debtors to calculate their monthly disposable income by deducting certain standard and actual expenses of the debtor from the debtor's current monthly income (CMI). CMI is a defined term under the Code and is calculated based on a historical average of the monthly income a debtor received from all sources during the six-month period before the month in which the debtor's case was commenced. *See 11 U.S.C. § 101*(10A). Debtors are required to perform this calculation and file a CMI statement and other calculations disclosing if a presumption of abuse arises under § 707(b)(2). *See 11 U.S.C. §§ 521*(a)(1)(B)(ii), 707(b)(2)(C); Fed. R. Bankr. P. 1007(b)(1)(B). This statement is officially designated by the Judicial Conference as Form 22A and is entitled "Statement of Current Monthly Income and Means Test Calculation." *See* Official Bankruptcy Form 22A; Fed. R. Bankr. P. 1007(b)(4). If, after completing Form 22A, a debtor's monthly disposable income meets or exceeds a statutory threshold amount, a presumption of abuse is triggered, and the debtor's case must be dismissed--or converted, if the debtor consents--absent an express showing of special circumstances by the debtor. *See 11 U.S.C. § 707*(b)(1) and (2).

*National Guard and Reservists Debt Relief Act of 2008*

Fluctuating income levels may present a problem for a reservist or guardsman debtor who is required to determine disposable monthly income using a CMI calculation that is a historical average of income received during the six months prior to filing. The pay received by reservist members of the Armed Forces and members of the National Guard while on active duty is frequently different than the pay a reservist or guardsman receives at his or her civilian job. This is of particular concern in those instances where a debtor is no longer on active duty and has returned to a lower-paying civilian job. To address these concerns, Congress enacted the National Guard and Reservists Debt Relief Act of 2008. This new Act amends § 707(b)(2)(D) to temporarily exempt qualifying reservists and National Guard debtors who are called to active duty for at least 90 days or who perform homeland defense activity for at least 90 days from having to file a Form 22A during the time of their active duty or homeland defense activity, *and* for a 540-day period thereafter. *See* Pub. L. 110-438.

On Nov. 18, 2008, the Judicial Conference approved technical amendments to the Official Bankruptcy Form 22A and the transmission of new Interim Rule 1007-1 to the district courts, with a recommendation that it be adopted through a local rule or standing order to implement the new Act. Copies of the new Form 22A and Interim Rule 1007-I may be obtained by accessing the U.S. Courts Web site at www.uscourts.gov/bankform/index.html.

*Changes to the Bankruptcy Forms to Implement the New Law*

In order to enable qualifying debtors to claim the new exemption permitted under the Act, the Advisory Committee on Bankruptcy Rules amended Form 22A to include a new "check box" whereby a debtor may indicate that the "presumption is temporarily inapplicable." In addition, the

7

committee added Part 1C, to be signed by the debtor declaring his or her eligibility to receive the exemption created by the new Act. A debtor claiming the exemption is required to identify whether he or she is on active duty and, if released from active duty, the date of release. The debtor claiming the exemption need not fill out the remainder of Form 22A. However, as stated in the instructions at the top of Form 22A and in the accompanying committee notes, joint debtors must complete separate statements and only the qualifying debtor is exempt from completing the entire statement.

*Rule Changes Designed to Implement the New Law*

In addition to modifying Official Form 22A, the Advisory Committee drafted Interim Rule 1007-I. Subparagraph (n) of the new interim rule is designed to address issues that arise when the exemption expires during the pendency of a debtor's case. As discussed, the exemption available under the new law is temporary, lasting only for the 540-day period after a qualifying debtor completes active duty. It is possible that a debtor's exemption may expire during the pendency of his or her case and a timely motion to dismiss may still be brought under § 707(b)(2). Under subparagraph (n)(1), if a debtor's exemption expires before the time specified under *Fed. R. Bankr. P. 1017(e)* for filing a motion pursuant to § 707(b)(2), then the debtor is required to file a completed Form 22A within 14 days of the expiration of the exemption. In the event the debtor fails to do so, subparagraph (n)(2) requires the clerk of court to provide prompt notice to debtors that they need to file a completed Form 22A. *See* Int. Fed. R. Bankr. P. 1007(n)(2)."

As can be seen from this article, and the Code itself, only § 707(b)(2) was affected by the newly enacted National Guard and Reservists Debt Relief Act of 2008 primarily

8

because of the potential fluctuation in income that many Reservists and Guardsmen face when they transition from their civilian employment onto active military duty and then back to their civilian job. Section 707(b)(3) was not amended, or affected, by the Act. Rather than looking at the 180-day window immediately preceding the bankruptcy filing as the § 707(b)(2) Means Test does, §707(b)(3)(B) typically looks at a debtor's case as of (or near) the date of the dismissal hearing.[17] Post-petition facts and circumstances are weighed and considered by the USt and the Court. This type of "forward looking" analysis allows the creditors and parties in interest to view the debtor's financial situation after he or she has returned to their civilian employer and military position as a traditional Reservist or Guardsman, with all the pay and benefits associated with each, and determine whether the case is abusive when looking at the totality of the circumstances presented.

Therefore, this court should find in favor of the UST, consider the totality of the Debtor's circumstances and issue a Scheduling Order on the UST's Motion to Dismiss at the Court's earliest convenience.

WHEREFORE, the UST respectfully requests that this Court grant the UST's Motion to Dismiss; or, in the alternative, issue a Schedule Order so that the issues therein can be litigated.

Dated: June 4, 2010

OFFICE OF THE UNITED STATES TRUSTEE
Daniel M. McDermott
United States Trustee
Region 9
BY:   /s/ Pamela Arndt Rice
        Pamela Arndt Rice
        Attorney for the U.S. Trustee
        170 North High Street, Suite 200
        Columbus, OH  43215
        Telephone:  (614) 469-7411 ext. 225
        Facsimile:  (614) 469-7448
        Email:  Pamela.D.Rice@usdoj.gov

---

[17] *In re dePellegrini*, 365 B.R. 830 (Bkrtcy.S.D.Ohio, 2007) at 832, *citing In re Pennington*, 348 B.R. 647, 650-651 (Bankr.D.Del.2006).

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2010, a copy of the foregoing BRIEF IN SUPPORT OF U.S. TRUSTEE'S MOTION TO DISMISS was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Jeremy Shane Flannery, Jeremy.S.Flannery@usdoj.gov
Pamela Arndt Rice, pamela.d.rice@usdoj.gov
Attorneys for the U.S. Trustee

David M. Hollingsworth, bankruptcy@woh.rr.com, enonlaw@gmail.com
Attorney for Debtor

James R. Warren, jamesrwarren@sbcglobal.net, oh42@ecfcbis.com
Chapter 7 Panel trustee

and on the following by ordinary U.S. Mail addressed to:

David M. Hollingsworth, Esq.
P.O. Box 52
Enon, OH  45323

Robert Andrew Michael Green
1809 Elaina Drive
Springfield, OH  45503

GMAC
PO Box 130424
Roseville, MN  55113

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL  33131


　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Pamela Arndt Rice
　　　　　　　　　　　　　　　　　　　　　　　　Pamela Arndt Rice